UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  CASE NO: 88-0079-CR-HOEVELER

    Plaintiff,

vs.

MANUEL ANTONIO NORIEGA,

    Defendant.
_____/

### ORDER DISMISSING DEFENDANT'S "PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241" AND ORDER LIFTING STAY OF EXTRADITION

THIS CAUSE comes before the Court on the Defendant's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed September 5, 2007. The United States has responded in opposition. On September 5, 2007, this Court partially granted Defendant's Emergency Motion for Stay based upon allegations – which were proven to be untrue – that Defendant was to be released early from serving the sentence imposed by this Court. It now appears that Defendant filed his motion for stay, as well as his petition for habeas, in an attempt to have this Court reconsider its prior conclusion that the Geneva Convention Relative to the Treatment of Prisoners of War, August 12, 1949, 6 U.S.T. 3316, 75 U.N.T.S. 135 ("Convention") does not include a ban on extradition of prisoners of war ("POWs").

1

Defendant has chosen to file this request for reconsideration, i.e., this new petition for habeas according to 28 U.S.C. § 2241, and has filed this petition in the criminal case before this Court, rather than initiating a new action related to the Certification of Extraditability and Order of Commitment issued in the extradition proceeding, Misc. No. 07-21830, on August 29, 2007. While the United States has indicated it does not object to proceeding on this petition as filed, this Court will not consider this petition as a proper challenge to the Certification of Extraditability. Such a challenge must be filed according to the proper procedures, and the judge to whom that challenge is assigned will be the proper authority to determine whether any further stay is required, based upon the Defendant's challenge – if any be raised – to the Certification of Extraditability.

This Court appears to lack jurisdiction according to 28 U.S.C. § 2241 to decide Defendant's claims regarding potential future circumstances involving his treatment in France. Defendant has not demonstrated any problems with the current conditions under which he is serving the sentence imposed by this Court.[1]

Even if this Court had jurisdiction over Defendant's petition, the Court would not find error in the issuance of the Certification of Extraditability based upon the arguments presented by Defendant as of this date. Article 12 of the Convention

---

[1] The Court's September 5 Order partially granting a stay was entered solely on the basis that, at the time, it appeared that the Defendant had raised, through a petition filed under 28 U.S.C. § 2241, a legitimate question as to the conditions of his present imprisonment, i.e., an early release from custody. As the response by the United States makes clear, there is no question as to this issue. In any event, Defendant shall not be subject to early release from the sentence he is serving under this Court's authority.

2

requires that the United States satisfy itself "of the willingness and ability of [France] to apply the Convention," and the Convention requires respect for a POW's status. While the United States' assertions are somewhat peculiar, it is nevertheless the case that the United States "has satisfied itself ... [that Defendant] will be afforded the same benefits that he has enjoyed for the past fifteen years in accordance with this Court's 1992 order declaring him a prisoner of war." Government's Opposition to the Defendant's Petition for Writs of Habeas Corpus, at 1.

> It is important to note that the United States did not ask the Republic of France to declare that defendant is a prisoner of war. Instead of running the risk that the Republic of France might interpret the Geneva Conventions differently than the United States, the United States sought and obtained from the Republic of France specific information regarding all of the rights that the defendant will be guaranteed by France upon his extradition. [The] United States has confirmed through its communications with France that France will afford the defendant the same benefits he has enjoyed during his confinement in the United States that were mandated by this Court's Order of December 8, 1992.

Id. at 3. The Court's reading of the assertions of the Assistant United States Attorney, supported by the Declaration of Clifton M. Johnson, the head of the Office of the Legal Adviser of the United States Department of State, indicates that Defendant retains all of his rights under the Convention. "France does indeed intend to afford [Defendant] all the same rights that he was afforded during his incarceration in the United States;" these specific rights are those "to which Noriega was entitled under this Court's ruling **and** as specified in Geneva III." Declaration, ¶ 4 (emphasis added). Regardless of the unique nature of this Defendant, his POW status attached at least as early as December 1992 and he retains that status "until [his] repatriation," Convention, art.5;[2]

---

[2] POWs also retain the benefits of the Convention even if convicted as to acts committed prior to capture. Convention, art. 85.

3

to consider this Defendant as anything less than a POW would not constitute compliance with the Geneva Convention. This Court notes the United States' assertions that the Convention is being followed, and anticipates full compliance with the Convention based upon those assertions.

Further, it bears observation that Defendant's submitted "evidence" of France's alleged unwillingness to apply the Convention consists of hearsay, and is based entirely upon news reports – many of which lack any evidence of certified translations to English from the language in which they first appeared – rather than direct information from official sources. Defendant certainly had the ability to contact the alleged speaker, the French ambassador to Panama, directly and request a sworn statement; however, no such statement was provided. Further, the most inconsistent statement, i.e., that Defendant "will not enjoy the privileges [of his POW status]," purportedly made by the Ambassador on July 26, 2007, was prior to this Court's Order of August 24. The Defendant's own submission, again relying solely on news reports, admits that the "French Foreign Ministry ... stated that General Noriega will receive the same privileges he received in the United States."

Defendant has suggested that this Court did not consider certain arguments raised in his earlier unsuccessful petition for habeas before this Court. Defendant asserts that Article 12 "was intended to apply to transfers between allied Powers during war" and argues that its only purpose is for such transfers. This Court disagrees, and already considered this argument fully, particularly in the context of the criminal charges pending against this Defendant. A POW's responsibility for criminal charges, including those unrelated to the conflict, clearly is envisioned in Articles 85 and 119 of

4

the Convention. Moreover, Defendant's argument is not consistent with the statements in the Commentary, International Committee of the Red Cross, Commentary on the Geneva Conventions (J. Pictet, ed., 1960), upon which he relies. Indeed, the Commentary reveals that Article 12 was "largely based" on the experience of the United States and France in accommodating United States-captured German POWs in France where there was a shortage of food. The United States responded to concerns of the International Committee of the Red Cross by providing food and clothing to France for distribution to its own POW camps such that the German POWs would have their needs met. Commentary, art. 12, n 14.[3] There is no statement in the Commentary that suggests that the United States' obligation at that time would have been any different if the German POWs were interred in a POW camp in a nation which was not a co-belligerent of the United States. The reference at the beginning of the Commentary to Article 12 to "the special case of the transfer of prisoners from one belligerent Power to another" does not suggest that Article 12 itself only applies to such transfers; nor does it suggest that Article 12 prohibits otherwise valid extraditions. In summary, nothing from the Defendant compels this Court to change its prior conclusion that the Convention does not prohibit legitimate extraditions conducted in compliance with Article 12.

As there is no basis for continuing the stay imposed by this Court, that stay is lifted as of 5:00 p.m. today, with the understanding that Defendant will complete the

---

[3]The Court also notes that Defendant retains the right, according to Article 12, "if [France] fails to carry out the provisions of the Convention in any important respect," to petition the United States, either directly or through a "Protecting Power," to "take effective measures to correct the situation." Convention, art. 12.

5

term of his previously imposed sentence and not be released until September 9, 2007.

DONE AND ORDERED in chambers in Miami, Florida, this 7th day of September, 2007.

*[signature]*
WILLIAM M. HOEVELER
Senior United States District Judge

Copies to:
Michael P. Sullivan, AUSA
Sean Paul Cronin
Frank A. Rubino
Jon May