UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 88-79-CR-HOEVELER

UNITED STATES OF AMERICA

v.

MANUEL ANTONIO NORIEGA,

Defendant

_____/

GOVERNMENT'S OPPOSITION TO
MOTION FOR CERTIFICATE OF APPEALABILITY

The United States, by and through the undersigned Assistant United States Attorney, hereby submits this opposition to the defendant's motion for a certificate of appealability.  On September 7, 2007, Manuel Noriega filed a notice of appeal seeking review of the this Court's August 24, 2007 Order denying his Section 2255 petition for writ of habeas corpus (the "Order").   In order to proceed  on an appeal of the denial of a Section 2255 petition, a petitioner must obtain a certificate of appealability (COA).  On October 17 2007, Noriega filed a Motion for a COA.  In order to obtain a COA, Noriega must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Noriega has failed to make such a showing.  As a result, this Court should not issue a COA.

I.      **Procedural History**

On July 17, 2007, the United States filed an initial complaint for the extradition of Noriega, at the request of the Government of the Republic of France, pursuant to the Extradition Treaty between the United States and the Republic of France.  Noriega has been convicted *in absentia* in France on charges of engaging in financial transactions with the proceeds of illegal drug trafficking, an offense that corresponds to money laundering under United States law (*see* 18 U.S.C. §§ 1956 and 1957).

On July 23, 2007, Noriega filed a Petition for Writs of Habeas Corpus, Mandamus, and

Prohibition seeking an order that the Magistrate Judge immediately cease and desist with any proceedings on the extradition complaint, based on Noriega's argument that the requested extradition violated his rights under the Third Geneva Convention. Significantly, this petition for writ of habeas corpus was brought under Title 28, United States Code, Section 2255, and was filed as part of Noriega's prior criminal case. After a hearing on August 13, 2007, this Court denied the petition for lack of jurisdiction because Section 2255 "applies to challenges against the sentence imposed, and [Noriega] has not cited any defect in this Court's sentence as to [him]."[1]

Noriega did not file a notice of appeal of this order prior to the extradition hearing, which took place on August 28, 2007. Following that hearing, the Magistrate Judge issued a Certificate of Extraditability on August 29, 2007.

On September 5, 2007, Noriega filed an Emergency Motion for Stay of Extradition and a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. These pleadings were again filed as part of Noriega's prior criminal case. That same day, this Court granted the Emergency Motion for Stay, in part, ordering Noriega to present credible evidence in support of the claims made in his Petition for Writs of Habeas Corpus by 9:00 a.m. on September 6, 2007, and ordering the United States to reply by 12:00 p.m. on September 6, 2007. Both Noriega and the United States complied with that order. On September 7, 2007, this Court issued an order dismissing the Petition for Writ of Habeas Corpus and lifting the Stay of Extradition. Once again, this Court held that it did not have jurisdiction to rule on the habeas petition filed by Noriega. As the Court noted, the proper

---

[1]   Noriega relied on Title 28, United States Code, Section 1651, as the jurisdictional basis for his request that the Court block the extradition hearing by issuing a writ of mandamus or a writ of prohibition. This Court found that Noriega had not established a basis for the issuance of either extraordinary writ. Noriega's appeal of this portion of the August 13, 2007 is not subject to Section 2253's COA requirement. But because Noriega did not seek to stay the extradition hearing and instead filed his appeal of the August Order after the certificate of extraditability had been issued, that controversy is now moot. *See Westmoreland v. National Transportation Safety Board*, 833 F.2d 1461, 1462-63 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the appeal must be dismissed as moot"). Furthermore, even if Noriega were able to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which he cannot, the Eleventh Circuit should dismiss his appeal as moot.

mechanism for challenging a Certificate of Extraditability is to file a petition for writ of habeas corpus as a new civil action, not to file such a petition as part of a pre-existing criminal case.

On September 7, 2007, Noriega filed two separate notices of appeal. The first notice of appeal sought review of the District Court's August 24, 2007 Order denying his Section 2255 habeas petition. The second notice of appeal sought review of the District Court's September 7, 2007 order denying his Section 2241 habeas petition. On October 5, 2007, the Eleventh Circuit Court of Appeals dismissed the appeal of the September 7, 2007 Order for want of prosecution, as Noriega did not pay the docketing and filing fees. Thus, only the appeal of this Court's August 24, 2007 Order remains before the Eleventh Circuit Court of Appeals. Noriega cannot proceed on the appeal of the denial of his Section 2255 petition without obtaining a COA. This Court construed Noriega's Notice of Appeal as a Motion for COA on October 16, 2007. The following day, Noriega filed a formal Motion for a COA.[2]

## II.    A Certificate of Appealability Should not Issue as Noriega Cannot Make a Substantial Showing of the Denial of a Constitutional Right.

In order to obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Court denies a habeas petition on procedural grounds without reaching the prisoner's underlying claims, a COA should issue *only* if the petitioner shows that reasonable jurists would find debatable both (1) the merits of the underlying claim, and (2) the procedural issues he seeks to raise on appeal. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Noriega has failed to make the requisite showing, his motion

---

[2]The Secretary of State must issue a surrender warrant within "two calendar months" from the issuance of the certificate of extraditability, or the accused can file a request under 18 U.S.C. § 3188 for his release from custody. The two-month period, however, is tolled if the accused seeks review of his extradition order. *Jimenez v. U.S. District Court for the Southern District of Florida*, 84 S.Ct. 14, 18 (1963) (where petitioner sought review of extradition order, Secretary of State properly deferred execution of surrender warrant until petitioner's claims were fully adjudicated and the two-month period under § 3188 runs from the time his claims are fully adjudicated); *McElvy v. Civiletti*, 523 F. Supp. 42 (S.D.Fla. 1981) (same). Although Noriega improperly filed his "habeas petitions" in his closed criminal case, there is no question that he has sought review of his extradition order for purposes of § 3188.

for a COA should be denied.

This Court's limited holding was that it lacked jurisdiction to hear Noriega's Section 2255 petition because as Section 2255 "applies to challenges against the sentence imposed, and [Noriega] has not cited any defect in this Court's sentence as to [him], there is no basis for the exercise of jurisdiction under that statute." This is, unquestionably, a correct ruling of law. *See* 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *see also Hajduk v. U.S.*, 764 F.2d 795 (11th Cir. 1985) (a challenge to the Parole Commission's actions with regard to a defendant's sentence, rather than the lawfulness of the sentence as imposed by the district court, must be brought as a petition for writ of habeas corpus under Section 2241 rather than Section 2255); *U.S. v. Addonizio*, 442 U.S. 178 (1979).

Section 2255 provides a mechanism by which a prisoner may collaterally attack an illegal sentence and seek to have the court "vacate, set aside or correct the sentence." Noriega has never challenged the sentence imposed by this Court. His only challenge is to the requested extradition to France. As this issue is completely unrelated to his criminal sentence, Section 2255 simply does not afford him a mechanism for challenging the extradition request. As this Court properly held, the proper mechanism for challenging an allegedly illegal detention is a petition under Title 18, United States Code, Section 2241, which names as the respondent "the person who has control over" the defendant – in this case the warden at the Federal Corrections Institution in Miami. Title 28, United States Code, Section 2242; *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody."). Thus, Noriega has not shown that reasonable jurists would find debatable this Court's finding that it did not have jurisdiction under Section 2255 to

cancel the extradition hearing and bar Noriega's extradition to France.

Moreover, Noriega's only attempt to make a substantial showing that the Order acts to deny his constitutional rights is his claim that he opposes the requested extradition based on "rights flow[ing] from a convention entered into by the United States pursuant to its constitutional authority to enter into treaties." This Court, however, did not rule on the merits Noriega's Geneva Convention argument (although it did indicate how it would rule had Noriega filed a proper habeas petition). As the Court made clear in its Order, and reiterated in its order of September 7, 2007, Noriega can seek review by the District Court of the Certificate of Extraditability by simply filing a Section 2241 petition as a new civil action with the clerk of court, and naming his custodian (and not the United States) as the respondent.  *See Afanasjev v. Hurlburt*, 418 F.3d 1159, 1163 (11th Cir. 2005) ("Appellants collaterally challenged the magistrate judge's order by filing petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  A petition for writ of habeas corpus is a proper method to contest an extradition order because there is no direct appeal in extradition proceedings); *see also Kastnerova v. United States*, 365 F.3d 980, 984 n. 4 (11th Cir.2004).  Thus, there has been no denial of any constitutional rights.

**III.**    **Conclusion**

WHEREFORE the Court should deny the Motion for a Certificate of Appealability.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:    _s/ Michael P. Sullivan_
Michael P. Sullivan
Assistant United States Attorney
Florida Bar No. 134814
Miami, Florida 33132-2111
Tel: (305) 961-9274
Fax: (305) 536-7213
Pat.Sullivan@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on October 18, 2007, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.

___s/ Sean Paul Cronin_____

Sean Paul Cronin

Assistant United States Attorney
